UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARMAKE SIYAD,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE; PATRICK DIVVER; TODD LYONS; MARKWAYNE MULLIN; ACTING ATTORNEY GENERAL OF THE UNITED STATES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Case No.: 3:26-cv-3011-JES-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Sharmake Siyad's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition. ECF No. 4.

Petitioner is a native of Somalia who came to the United States in order to seek asylum. ECF No. 1 ¶¶ 37-38. On February 15, 2024, Petitioner was granted conditional parole and released on his own recognizance. *Id.* ¶ 39; *see also* ECF No. 1-2. Petitioner was redetained when he appeared at a local office for an ICE check-in. ECF No.1 ¶ 45. Petitioner alleges that he was never given any reasons or notice at that time. *Id.* ¶ 46.

In their return, Respondents acknowledge that Petitioner had previously been released on parole, and courts have routinely held that such petitioners are not mandatorily detained under 8 U.S.C. § 1225(b). ECF No. 4 at 2. While reserving their rights, they state that they "do no oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

In light of Respondents' non-opposition, the Court will decline to engage in a full analysis of the claims as well. Petitioner states, and Respondents do not refute, that he was previously released on conditional parole by the government when he first entered in 2024. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-375-JES-AHG, 2026 WL 310193, at *2-3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *2-3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *2-3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2-3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No. 26-CV-492-JES-BLM, 2026 WL 280220, at *2-3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here, where the liberty interest was revoked without any notice or procedure.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **May 22, 2026**, confirming that Petitioner has been released.

//

//

//

//

//

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-3011-JES-MSB